**David ROOT, on behalf of himself and others similarly situated, Plaintiff,**

v.

**AMES DEPARTMENT STORES, INC., Defendant.**

**No. CIV.A. 96-11301-GAO.**

United States District Court, D. Massachusetts.

July 10, 1997.

Thomas V. Urmy, Jr., Shapiro, Grace & Haber, Boston, MA, for Plaintiff.

Neil Jacobs, Robyn B. Klinger, Laura E. Schneider, Hale & Dorr, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

O'TOOLE, District Judge.

David Root brought this action individually and on behalf of the class of all Replenishment Assistant Managers employed by Ames Department Stores, Inc., who worked in excess of forty hours in any workweek, claiming that Ames violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.* Ames denied the substantive allegations of the complaint. The parties entered into a settlement agreement which this Court approved and embodied in a final judgment resolving the action. Under the settlement, as reflected in the judgment, Ames will make an individual settlement payment to each class member who "opts in," that is, who elects to be counted as a member of the class and therefore to participate in the settlement. Any person who, although entitled to

join the class and receive a settlement payment, elects not to participate will not be affected by the settlement or judgment. Any such potential class member who does not "opt in" remains free to bring his or her own action.

The judgment entered March 12, 1997. On May 9, 1997, a pseudonymous potential class member, "Jane Doe," who elected not to "opt in," filed an objection to the settlement, styled as a "Motion to Disapprove the Settlement and to Submit Declaration of Objections under Impoundment."

█ There are at least two reasons, short of consideration of the merits of her argument, why Doe's motion ought to be denied. In the first place, the motion comes several months after the settlement had actually been approved, which happened January 22, 1997. It is therefore untimely.

█ Moreover, Doe lacks any interest in the matter sufficient to give her standing to object to the settlement. She has elected not to join the class and is unaffected by the settlement. Doe remains in the same position with respect to Ames as before the settlement agreement was entered. If she has any claims against Ames, she may assert them in her own civil action under the FLSA. The settlement does not, as it could not, deprive her of any cause of action.

Accordingly, the motion is DENIED.